EXHIBIT B

**From:** Larry Coben <LCoben@CobenLaw.com>
**Sent:** Wednesday, August 1, 2018 11:57 AM
**To:** Gurbach, Matthew <mgurbach@Beneschlaw.com>
**Cc:** Rose Riley <RRiley@CobenLaw.com>; Brittany Benton <BBenton@cobenlaw.com>; JoAnn Niemi <JNiemi@CobenLaw.com>; Alexander LaCroix <ALaCroix@Jshfirm.com>; JEREMY JOHNSON <jjohnson@JSHFIRM.com>; Ramm, Brian N. <BRamm@beneschlaw.com>
**Subject:** RE: Thompson v. Polaris

Matthew,

I just read your email dated today. I don't think I need to respond word for word to your comments—it really doesn't accomplish a thing. Instead, we will do our very best to respond to your further requests for information—and I will send you Dr. Benda's brief addendum as soon as I get it. As to Mr. Uhl, I'm really unsure about your complaint about referenced documents recently produced. What was sent to your office were two power points that simply duplicated portions of Polaris' records and photographs taken by your experts and ARCCA (that you have had for months). All of these materials were in Mr. Uhl's file but not in a power point when the file was sent to your office. And, as best I can tell, your partner, Brian Ramm did not seem perplexed at all and took a very complete deposition.

In your email, you asked if we expect any other changes from our experts. The answer is our experts' opinions will not change. However, to be fair to you, our experts—who have not been deposed yet (Manning and Cantor)—continue to review your experts' work and they may provide further comments. To that end, we will supplement their files to the extent that any additional information is generated.

Finally, my messages to you were not intended to create any artificial deadlines to affect your ability to respond to the issues discussed regarding Drs. Fried and Benda. However, we will need to comply with the Court's scheduling Order and its standing order on the process required to have discovery disputes resolved by the Court.

I look forward to speaking with you.

Larry E. Coben
Trial Lawyer
Anapol Weiss
8700 E Vista Bonita Drive

Suite 268
lcoben@anapolweiss.com
480.515.4745 (O)
480.620.2747 (C)
\*     \*     \*
130 N. 18th Street
Suite 1600
Philadelphia, PA 19103
215.790.4587




ARIZONA

*"Injustice anywhere is a threat to justice everywhere"*
Dr. Martin Luther King, Jr.

**From:** Gurbach, Matthew <mgurbach@Beneschlaw.com>
**Sent:** Wednesday, August 01, 2018 6:32 AM
**To:** Larry Coben <LCoben@CobenLaw.com>
**Cc:** Rose Riley <RRiley@CobenLaw.com>; Brittany Benton <BBenton@cobenlaw.com>; JoAnn Niemi <JNiemi@CobenLaw.com>; Alexander LaCroix <ALaCroix@Jshfirm.com>; JEREMY JOHNSON <jjohnson@JSHFIRM.com>; Ramm, Brian N. <BRamm@beneschlaw.com>; Gurbach, Matthew <mgurbach@Beneschlaw.com>
**Subject:** RE: Thompson v. Polaris

Dear Larry,

I write in reply to your emails of July 29th and 30th, 2018. As well, I write further to my correspondence of July 27th and 30, 2018.

Guy Fried, M.D. is a medical expert that you retained in this case. He published his report on August 29, 2017. We then deposed him on July 11, 2018. Until that time, he had remained silent with respect to Plaintiff Michael Thompson's medical bills

After his deposition had been completed your office sent me a letter indicating it was Polaris that had failed to question him with respect to Plaintiff's medical bills and that he would opine on them at trial. Polaris then made clear that he had not previously included these in his report and that

they were not on notice that it would be among his opinions. Now, less than 48 hours ago, you have provided me with a supplemental report and are insisting that Polaris immediately decide whether it will object. If any immediacy exists, Polaris did not create it as Plaintiff had months and months to address this topic. Neither I nor my client have had time to fully review and consider the addendum that you sent late on Monday night (it is Wednesday).

On July 19, 2018, Plaintiff sought to substantively modify the testimony and/or opinions of Brian J. Benda. Again, Plaintiffs made the request long after Dr. Benda promulgated his report on April 13, 2018 and his deposition on June 28, 2018. You have not provided us with an actual amended report authored by Dr. Benda, but rather your description of what he would now like to conclude (which is different from his previous conclusions). Again, neither I nor my client have had time to fully review and consider this issue.

Finally, on the literal eve of Bill Uhl's (another of Plaintiff's identified experts) deposition, you sent documents "… that were inadvertently omitted from [his] file." Those were records that should have been produced long before his testimony. Additionally, when your office did finally produce them, it was well-aware that counsel for Polaris was travelling from Cleveland, Ohio to Phoenix, Arizona to depose Mr. Uhl.

Against this backdrop, you tell me that we must make decisions with respect to whether to permit these amendments now. Polaris has been reasonable thus far in scheduling depositions in the overall litigation of this matter. And it will continue to do so. However, it deserves adequate time to consider the requests that you are making.

My partner, Brian Ramm, as you are aware deposed Dr. Uhl yesterday. I am travelling on other and personal matters and am out of the office. I absolutely agree that we should discuss this via telephone. However, I am not able to do so on the narrow timetable that you have provided. I am not able to talk August 1, 2018. I will promptly get you additional dates when we can discuss these matters via telephone.

I am hopeful that we will be able to reach a resolution. I submit that taking these matters to the Court would be a premature and unfortunate waste of judicial resources and our respective clients' time and money.

I will get you meet and confer times promptly. In the meantime, please confirm that Dr. Fried will have no further supplemental reports. Also, does Dr. Benda intend to commit his substantive changed opinions to writing? Finally, are there any other similar changes that we can expect with respect to any other of Plaintiffs' experts? It makes sense for us to deal with them all at one time, if possible.

Thank you, Larry.

**Matthew Gurbach**

Partner
Litigation
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Ph: 216.363.4413
www.beneschlaw.com


**Confidentiality Notice to Incorrect Addressee:** beneschlaw.com/confidentialitynotice
**From:** Larry Coben <LCoben@CobenLaw.com>
**Sent:** Tuesday, July 31, 2018 1:18 PM
**To:** Gurbach, Matthew <mgurbach@Beneschlaw.com>
**Cc:** Rose Riley <RRiley@CobenLaw.com>; Brittany Benton <BBenton@cobenlaw.com>; JoAnn Niemi <JNiemi@CobenLaw.com>; Alexander LaCroix <ALaCroix@Jshfirm.com>; JEREMY JOHNSON <jjohnson@JSHFIRM.com>; Ramm, Brian N. <BRamm@beneschlaw.com>
**Subject:** Re: Thompson v. Polaris

Matthew, I'd appreciate hearing from you today or tomorrow (by phone as required by the Court) regarding the issues we have discussed by letter and email concerning Drs. Fried and Benda. Thanks.

Larry E. Coben
Trial Lawyer
Anapol Weiss
8700 E. Vista Bonita Drive, Suite 268
Scottsdale, AZ 85255
Lcoben@anapolweiss.com
Lcoben@cobenlaw.com
www.anapolschwartz.com
1-480-515-4745 (Arizona)
1-215-790-4587 (Pennsylvania)
1-480-620-2747 (cell phone)


**Realists see things as they are now and ask why? The visionary imagines what could be and asks why not? The genius of the visionary is to make dreams come true. (Borrowing from Robert Kennedy)**



On Jul 30, 2018, at 1:19 PM, Larry Coben <LCoben@CobenLaw.com> wrote:

Dear Mr. Gurbach,

Thanks for your letter response (July 30, 2018) to our communications regarding Dr. Fried and Dr. Benda. As you must know, we are obliged to communicate by **phone or in person on any discovery dispute** before we can bring this matter to the Court's attention—which I believe we must do before August 7, 2018. Your letter does not, in my view, satisfy that obligation.

I thought my letter was quite clear that Dr. Fried's supplemental disclosure will only relate to the necessity and reasonableness of the past medical bills. [It does seem a bit odd that you point out that we had every opportunity to ask Dr. Fried about this topic since that is something we would do at trial and not at deposition.] In any event, we will send you Dr. Fried's supplemental information today or tomorrow. If you plan to object even after you have this supplemental statement in hand, we will need to speak about this matter so that we can prepare our letter report to the Court. And, finally, we will also need to address the issue I've previously written to you about Dr. Benda—which I do not view as a "remedial" topic—before August 7th.

Thanks.

    Larry E. Coben
    Trial Lawyer
    Anapol Weiss
    8700 E Vista Bonita Drive
    Suite 268
    lcoben@anapolweiss.com
    480.515.4745 (O)
    480.620.2747 (C)
       \*      \*      \*
      130 N. 18th Street
      Suite 1600
      Philadelphia, PA 19103
      215.790.4587



&lt;image008.png&gt;

**ARIZONA**

*"Injustice anywhere is a threat to justice everywhere"*

Dr. Martin Luther King, Jr.


**From:** Gurbach, Matthew <mgurbach@Beneschlaw.com>
**Sent:** Monday, July 30, 2018 12:35 PM
**To:** Larry Coben <LCoben@CobenLaw.com>
**Cc:** Rose Riley <RRiley@CobenLaw.com>; Brittany Benton <BBenton@cobenlaw.com>; JoAnn Niemi <JNiemi@CobenLaw.com>; Alexander LaCroix <ALaCroix@Jshfirm.com>; JEREMY JOHNSON <jjohnson@JSHFIRM.com>; Gurbach, Matthew <mgurbach@Beneschlaw.com>; Ramm, Brian N. <BRamm@beneschlaw.com>
**Subject:** RE: Thompson v. Polaris


Attached please find a letter regarding the above case.


**Matthew Gurbach**
Partner
Litigation
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Ph: 216.363.4413
Cell: 330.423.7573
Fax: 216.363.4588
Email: mgurbach@beneschlaw.com
www.beneschlaw.com



**From:** Larry Coben <LCoben@CobenLaw.com>
**Sent:** Saturday, July 28, 2018 12:44 PM
**To:** Gurbach, Matthew <mgurbach@Beneschlaw.com>
**Cc:** Rose Riley <RRiley@CobenLaw.com>; Brittany Benton <BBenton@cobenlaw.com>; JoAnn Niemi <JNiemi@CobenLaw.com>
**Subject:** Thompson v. Polaris

Enclosed please find a letter regarding the above case.


Larry E. Coben
Trial Lawyer
Anapol Weiss
8700 E Vista Bonita Drive
Suite 268

lcoben@anapolweiss.com
480.515.4745 (O)
480.620.2747 (C)

\*     \*     \*

130 N. 18th Street
Suite 1600
Philadelphia, PA 19103
215.790.4587



Larry E. Coben
TOP LISTED IN
Best Lawyers
THE WORLD'S PREMIER GUIDE
2018: Product Liability and Personal Injury Litigation

<image003.png>

**ARIZONA**

*"Injustice anywhere is a threat to justice everywhere"*
Dr. Martin Luther King, Jr.

**Confidentiality Notice to Incorrect Addressee:** www.beneschlaw.com/confidentialitynotice



Matthew D. Gurbach
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Direct Dial: 216.363.4413
Fax: 216.363.4588
mgurbach@beneschlaw.com

July 30, 2018

**VIA EMAIL**

Larry E. Coben
Jo Ann Niemi
ANAPOL WEISS
One Logan Square
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103

Re: *Michael Thompson, et al. v. Polaris Industries, Inc., et al.*,
United States District Court, District of Arizona
Case No. 2:16-cv-02868-PHX-DJH

Dear Counsel:

I offer this singular reply to the two letters that you transmitted to me on July 28, 2018. You write, Mr. Coben, that my July 27, 2018 correspondence declines your ". . . request to supplement Dr. Fried's disclosure." This statement is not accurate. Ms. Niemi's July 12, 2018 correspondence was the first letter on this subject and did not seek leave to modify, "supplement," change or alter Dr. Fried's report. Rather, her correspondence was a declaration regarding the nature of Dr. Fried's disclosure, opinions, and testimony that Defendants rejected.

Now, contrary to the statements made in their first letter, Plaintiffs seek Defendants' consent to allow Dr. Fried to "supplement" his report. However, Plaintiffs make that request without providing the actual content of the proposed "supplementation" that Dr. Fried contemplates. Your description of the "supplementation" does not provide Defendants with enough information to make an informed decision on this issue (or whether to permit his second deposition). Defendants deserve to know *exactly* what Dr. Fried now thinks about the case. This is especially true given Dr. Fried's demonstrated propensity to stray from the narrow bounds of his training, experience, and education.

Defendants reserve the right to make a decision with respect to Dr. Fried's "supplementation" and/or modification of his report until such time as they have an opportunity to actually see it. That includes making a determination with respect to re-opening his deposition testimony (which would be done at Plaintiffs' expense). You had every opportunity to question him about medical bills during his first deposition. The Federal Rules require a party to obtain leave of court if the party wants to depose a person a second time. Fed.R.Civ.P. 30(a)(2)(ii). And, until Defendants see his "supplemental" report, court intervention is premature.

Larry E. Coben
Jo Ann Niemi
July 30, 2018
Page 2

  We are presently reviewing your request to remediate Dr. Benda's report and testimony and will revert to you promptly on that topic.

  I agree that the parties have been cooperating to schedule depositions. This is a trend that I expect (and hope) will continue. Having witnesses spread throughout the country and multiple lawyers on this matter necessitates give-and-take to timely schedule the depositions. However, that is an issue that is distinct from Dr. Fried's substantive alteration of his expert opinion months after he published his report (and weeks after his deposition). Expert report modification, however, is a different inquiry and Defendants will await specificity regarding whatever changes Dr. Fried intends to make to his opinions. It is not fair for Plaintiffs to require that Defendants take a position on this matter "sight unseen."

            Very truly yours,

            BENESCH, FRIEDLANDER,
             COPLAN & ARONOFF LLP

            */s/ Matthew D. Gurbach*

            Matthew D. Gurbach

# ANAPOLWEISS

8700 E. Vista Bonita Drive — Suite 268 — Scottsdale, Arizona 85255
Phone (480) 515-4745 — Fax (480) 515-4744

Larry E. Coben, Esquire*
lcoben@anapolweiss.com
*Managing Partner

Jo Ann Niemi, Esquire
jniemi@anapolweiss.com

July 28, 2018

**VIA ELECTRONIC MAIL/(mgurbach@Beneschlaw.com)**
Matthew Gurbach, Esquire
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114

Re: *Thompson v. Polaris Industries Inc., et. al.*

Dear Mr. Gurbach,

Today, JoAnn Niemi sent you a letter regarding your July 27th letter declining our request to supplement Dr. Fried's disclosure. I write to elaborate upon our position and the current status of this case.

As you know, all depositions of experts were to be completed by August 7, 2018. However, because your Firm only entered its appearance within the past several weeks, we agreed to informally extend the dates to complete these depositions. [And, in fact, did not object to your office taking expert depositions before formally replacing Bowman and Brooke as counsel for the defendant.] This agreement included changing around a few dates for our expert's depositions to accommodate your schedule.

You have now taken some but not all of our experts' depositions and others are scheduled beyond the Court's scheduling deadline. A day or two after you took the depositions of two of our experts (Dr. Benda and Dr. Fried), we wrote to you to alert you to the fact that a few opinions were not articulated during their testimony and we offered you an opportunity to re-depose both of them on these omitted issues (which we described in our letters). On July 27, 2018, you wrote and declined our offer regarding Dr. Fried. It appears to be your position that you will refuse to extend to us the courtesy of questioning Dr. Fried on one issue—the necessity and reasonableness of the past medical expenses (despite his articulated opinion in his report that

Matthew Gurbach, Esquire
July 28, 2018
Page 2

---

the past medical services "have been reasonable and necessary") that was omitted and, to our chagrin, you've decided to oppose any effort on our part to amend Dr. Fried's opinion expert disclosure. We are disappointed.

We will forward to you a supplemental report of Dr. Fried within the next several days describing (as we mentioned in our earlier letter) the opinion that Mr. Thompson's past medical expenses were necessary and reasonable.

As you know from a review of the Court's Orders in this case, the Court has instructed that:

> 6. Discovery Disputes. The parties shall not file written discovery motions without leave of Court. If a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone). the parties shall jointly file (1) a brief written summary of the dispute. not to exceed two pages. with explanation of the position taken by each party and (2) a joint written certification that the counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult. the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the filed written summary of the dispute. the Court may set an in-court hearing or telephonic conference. order written briefing. or decide the dispute without conference or briefing. If the Court desires supplemental briefing prior to a hearing. counsel will be notified by order of the Court. Any briefing ordered by the Court shall comply with LRCiv 7.2(j).

Absent extraordinary circumstances, the Court will not entertain . . . expert discovery disputes after the deadline for completion of expert discovery.

Because the deadline for completing expert discovery is within sight, I'm sending you this letter to advise you that we will prepare the prescribed letter to the Court before August 7th in accordance with the above directive. However, we are required to "personally consult" before sending this letter. Please call me on Monday so that we can in good faith inform the Court of our efforts and the parties' respective positions as to Dr. Fried and Dr. Benda.

Matthew Gurbach, Esquire
July 28, 2018
Page 2

---

                          Very truly yours,

                          Larry E. Coben *(Digitally signed by Larry E. Coben, DN: cn=Larry E. Coben, o, ou, email=lcoben@anapolweiss.com, c=US, Date: 2018.07.28 09:42:14 -07'00')*

                          Larry E. Coben

Cc: JoAnn Niemi, Esquire, et al.



8700 E. Vista Bonita Drive ~ Suite 268 ~ Scottsdale, Arizona 85255
Phone (480) 515-4745 ~ Fax (480) 515-4744

Larry E. Coben, Esquire*
lcoben@anapolweiss.com
*Managing Partner

Jo Ann Niemi, Esquire
jniemi@anapolweiss.com

July 19, 2018

**VIA ELECTRONIC MAIL/(mgurbach@Beneschlaw.com)**
Matthew Gurbach, Esquire
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114

Re:   *Thompson v. Polaris Industries Inc., et. al.*

Dear Mr. Gurbach,

To be fair to you and your client, we feel compelled to advise you of a topic and opinion that should have been evident from Dr. Benda's Report, but this subject was not fully developed during his deposition. To avoid any confusion or surprise at trial, I'm sending this note.

During his deposition, Dr. Benda opined that Mr. Thompson would not have suffered any serious injury if the alternative ROPS was used and either a 5 pt or 6 pt harness was worn. Further, based on a question you asked, Dr. Benda, he opined that if either of these harnesses were installed by Polaris, even if the ROPS remained as configured in 2011, it was his opinion that the likelihood of suffering quadriplegia would have been significantly reduced. At that juncture in his deposition, you asked if "the injury more likely than not still occurs" if the ROPS is changed but the OEM 3 pt belt is used. In response, Dr. Benda advised you that he had not evaluated that scenario.

We believe that this very brief question and answer failed to account for opinions expressed by Dr. Benda in his report and that the following passage from Dr. Benda's report must be considered in anticipation of questions and answers we expect to proffer at trial.

In his Report, Dr. Benda detailed that using the available 3 pt belt system, the inversion demonstration showed that there would **not** be head contact with the "middle transverse roll bar". Specifically, Dr. Benda wrote:

One Logan Square, 130 North 18th Street, Suite 1600, Philadelphia, PA 19103  |  8700 East Vista Bonita Dr., Suite 268, Scottsdale, AZ 85255
1040 Kings Highway North, Suite 304, Cherry Hill, NJ 08034  |  Olde Liberty Square, 4807 Jonestown Road, Suite 148, Harrisburg, PA 17109
toll free: 866.735.2792  |  www.anapolweiss.com

MATTHEW GURBACH, ESQUIRE
Benesch, Friedlander, Coplan & Aronoff LLP
July 19, 2018
Page 2

> **Figure 14. Middle transverse roll bar**
>
> The surrogate inversion test demonstrated that, when the fixture was rotated to move the surrogate toward the bar, the restraint system in the Polaris RZR limited body excursion such that there was significant clearance between the surrogate's head and this bar (Figures 13a-c). Given these results, it is unlikely that, during the subject crash, Mr. Thompson struck his head on this part of the roll cage. As such, head impact with this area of the roll cage can be ruled out as the cause of Mr. Thompson's spine and spinal cord injuries.

The surrogate studies conducted by ARCCA show that the head clearance to the middle transverse roll bar is very much the same as the distance from the helmeted head to the revised position of the aft roll bar in the 2015-2017 Polaris.

These observations and measurements will be presented to Dr. Benda as a predicate for bio-medical opinions regarding the risk of Mr. Thompson suffering a compression/axial load cervical fracture in this incident with a 3 Pt restraint and the alternative ROPS.

Dr. Benda will be asked and he will testify that if the distance to the aft member of the ROPS was similar to the middle transverse roll bar, then Mr. Thompson would not have had head impact with that portion of the ROPS and, therefore, he would not have suffered serious injury.

While we believe that further inquiry at his deposition would have obtained this information, again to be fair to you, we are willing to make Dr. Benda available for a brief follow-up deposition to allow questioning on this topic.

Please let us know if you'd like to schedule this follow-up deposition.

Respectfully,

/s/ Larry Coben

Larry Coben

cc: Jeremy C. Johnson, Esq. [Via Electronic Mail]
Alexander R. LaCroix, Esq. [Via Electronic Mail]